**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-cr-60121-Singhal/Damian

**18 U.S.C. § 1343**
**18 U.S.C. § 1349**
**18 U.S.C. § 981(a)(1)(C)**

**UNITED STATES OF AMERICA**

**vs.**

**BARRY SAUL ABRAMOWITZ,**

        **Defendant.**

_____/



FILED BY _____ D.C.

JUN 2 2 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this Indictment:

1.    **BARRY SAUL ABRAMOWITZ** was a resident of Broward County, Florida.

2.    Dealership 1 was a company registered in the State of Florida with a principal place of business in Miami-Dade County, Florida.

3.    Dealership 2 was a company registered in the State of Florida with a principal place of business in Broward County, Florida.

4.    Dealership 3 was a company registered in the State of Florida with a principal place of business in Broward County, Florida.

5.    Dealership 4 was a company registered in the State of Florida with a principal place of business in Broward County, Florida.

6. The Lender was an automobile lending company headquartered in the State of California that served dealerships and their customers throughout the United States, including the Southern District of Florida.

7. The Lender reviewed applications for car loans submitted by dealerships on behalf of their prospective customers and analyzed the value of the car, credit worthiness of the borrower, and other salient factors, such as employment, to determine whether to issue a loan.

8. The Lender's underwriting department reviewed the loan application to determine if the customer qualified for a loan and then conditionally approved applicants.

9. Once the conditional approval was made, the dealership sent customer documents, including title, contract, application and proof of income, to the Lender. The Lender's funding department then checked the residency and employment information provided in the loan application.

10. The Lender's employment check included calling the listed employer phone number provided in the application. If the employer confirmed the applicant's employment history and income, the loan was approved and funded.

## COUNT 1
### (Conspiracy to Commit Wire Fraud)
### 18 U.S.C. § 1349

11. Paragraphs 1 through 10 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

12. From in or about October 2015, through in or about July 2019, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**BARRY SAUL ABRAMOWITZ,**

did knowingly and willfully, that is, with the intent to further the purpose of the conspiracy, combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain wirings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13.    The purpose of the conspiracy was for **BARRY SAUL ABRAMOWITZ** and his co-conspirators to unlawfully enrich themselves by submitting and causing the submission of false and fraudulent automobile loan applications to the Lender that resulted in the Lender funding the automobile loans based on false information and **BARRY SAUL ABRAMOWITZ** receiving a portion of the loan proceeds for his own personal use.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **BARRY SAUL ABRAMOWITZ** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

14.    **BARRY SAUL ABRAMOWITZ** and his co-conspirators falsified information on loan applications, including employment information, and submitted the fraudulent loan applications to the Lender using an online portal.

15.    **BARRY SAUL ABRAMOWITZ** and his co-conspirators submitted fake paystubs and listed false telephone numbers for employers in the customer applications, which telephone

numbers were controlled by **BARRY SAUL ABRAMOWITZ**.  The Lender called the numbers controlled by **BARRY SAUL ABRAMOWITZ** that were listed in the applications to confirm the applicant's employment information—including start dates, full time or part time status, and payroll frequency.

16.     **BARRY SAUL ABRAMOWITZ** received the Lender's phone calls or called the Lender using aliases to confirm the false employment information listed in the applications.

17.     Once the Lender confirmed the employment information based on **BARRY SAUL ABRAMOWITZ**'s false representations, the Lender funded the loan and paid the dealership the balance owed by the customer to purchase the automobile through the transmission of wire communications in interstate commerce.

18.     **BARRY SAUL ABRAMOWITZ** and his co-conspirators received a portion of the Lender's funds via commissions, fees, and kickbacks, which funds were received through the transmission of wire communications in interstate commerce.

### Misrepresentations

19.     To induce the Lender to authorize fraudulent loans, and obtain a portion of the proceeds, **BARRY SAUL ABRAMOWITZ** and his co-conspirators made, and caused others to make, materially false and fraudulent statements to the Lender, and concealed and omitted to state, and caused others to conceal and omit material facts to the Lender, including, among others, the following:

### *Materially False and Misleading Statements*

a.     that the customer listed on the loan applications were employed at the businesses listed in the loan applications;

b.     that the paystubs submitted with the loan applications were real;

4

c.   that the employer phone numbers listed on the applications were accurate; and

d.   that **BARRY SAUL ABRAMOWITZ**, through his aliases, was an authorized representative for the listed employers.

22.   Notwithstanding **BARRY SAUL ABRAMOWITZ** and his co-conspirators' false representations to the Lender regarding the employment and income of the applicants, the applicants were not employed by the employer listed in the application and did not earn the income represented in the applications.

23.   As a result of **BARRY SAUL ABRAMOWITZ** and his co-conspirators material misrepresentations regarding the employment and income of the applicants, from in or around October 2015, through in or around July 2019, **BARRY SAUL ABRAMOWITZ** and his co-conspirators falsely and fraudulently caused the Lender to underwrite at least approximately $800,000 in fraudulent automobile loans.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2–5
### (Wire Fraud)
### 18 U.S.C. § 1343

24.   Paragraphs 1 through 10 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

25.   From in or about October 2015, through in or about July 2019, in Broward County, in the Southern District of Florida, and elsewhere, **BARRY SAUL ABRAMOWITZ** did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly

5

transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain wirings, signs, signals, pictures and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

26.    The purpose of the scheme and artifice was for **BARRY SAUL ABRAMOWITZ** and his co-conspirators to unlawfully enrich themselves by submitting and causing the submission of false and fraudulent automobile loan applications to the Lender that resulted in the Lender funding the automobile loans based on false information and **BARRY SAUL ABRAMOWITZ** receiving a portion of the loan proceeds for his own personal use.

## SCHEME AND ARTIFICE

27.    Paragraphs 14 through 25 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

## USE OF WIRES

28.    On or about the dates specified as to each Count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant, **BARRY SAUL ABRAMOWITZ,** for the purposes of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below:

[remainder of page intentionally left blank]

| Counts | Approx. Date | Description of Wire |
|--------|-------------|---------------------|
| 2 | June 25, 2018 | An ACH payment in the amount of $22,066.02 from UACC to Dealership 1 in the Southern District of Florida. |
| 3 | October 17, 2018 | An ACH payment in the amount of $10,395.33 from UACC to Dealership 2 in the Southern District of Florida. |
| 4 | July 6, 2018 | An ACH payment in the amount of $5,732.47 from UACC to Dealership 3 in the Southern District of Florida. |
| 5 | July 2, 2019 | An ACH payment in the amount of $11,014.95 from UACC to Dealership 4 in the Southern District of Florida. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **BARRY SAUL ABRAMOWITZ**, has an interest.

2.      Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

[remainder of page intentionally left blank]

7

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
TREVOR C. JONES
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**          **CASE NO.:** 23-cr-60121-Singhal/Damian

v.

BARRY SAUL ABRAMOWITZ,          **CERTIFICATE OF TRIAL ATTORNEY**

_____/          **Superseding Case Information:**
          Defendant.                New Defendant(s) (Yes or No) _____
                                     Number of New Defendants _____
**Court Division** (select one)      Total number of counts _____
     ☐ Miami    ☐ Key West   ☐ FTP
     ☒ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take ___5___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)          (Check only one)
   I   ☒ 0 to 5 days        ☐ Petty
   II  ☐ 6 to 10 days       ☐ Minor
   III ☐ 11 to 20 days      ☐ Misdemeanor
   IV  ☐ 21 to 60 days      ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) Yes
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____

TREVOR C. JONES
Assistant United States Attorney
FL Bar No.    0092793

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   BARRY SAUL ABRAMOWITZ

**Case No:**   23-cr-60121-Singhal/Damian

Count #: 1

Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349
* **Max. Term of Imprisonment: 20 years'**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years'**
* **Max. Fine: $250,000**

Counts #2-5:

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment: 20 years'**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years'**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.